**STATE ex rel. GRAVES et al. v. CITY OF SULPHUR SPRINGS.**

**No. 6405.**

Court of Civil Appeals of Texas. Texarkana.

Oct. 7, 1948.

Rehearing Denied Oct. 28, 1948.

Sellers & Fanning, of Sulphur Springs, and Eugene Brady, of Greenville, for appellants.

Smith & Hicks and Ramey & Ramey, all of Sulphur Springs, for appellee.

HALL, Chief Justice.

This is a Quo Warranto suit brought by the State of Texas on relation of J. W. Graves and others against the City of Sulphur Springs, a municipal corporation, to test the validity of an ordinance passed by the city annexing certain territory to the City of Sulphur Springs. The relators all live in the territory annexed.

The trial court sustained special exceptions No. 2 to 14 of the defendant's answer to the plaintiffs' petition; plaintiffs declined to amend and elected to abide by their pleadings, whereupon the trial court entered its judgment dismissing plaintiffs' suit.

Appellants bring forward 14 points, the first of which is: "The trial court erred in dismissing plaintiffs' (appellants') suit because plaintiffs' petition stated a cause of action entitling it and the relators to the relief therein sought."

This point presents the controlling issue here.

On December 2, 1947, the City of Sulphur Springs enacted an ordinance annexing certain territories lying north of and adjacent to the present city limits of the City of Sulphur Springs and making said territory a part of said city. Said ordinance provides that—

"From and after the effective date of this ordinance, all of the property lying within the limits set out above, and all the persons living and residing therein, shall be entitled

to and receive all of the rights and privileges accorded the citizens of the City of Sulphur Springs, and likewise, shall be subject to all regulations, restrictions, taxes, ordinances, and laws of the said City of Sulphur Springs, Texas.

"That from and after the effective date of this ordinance, the City Limits of Sulphur Springs shall be extended and include the territory annexed hereby."

The territory annexed was fully described in the ordinance. There is no contention by appellants that the ordinance was not in due form and not regularly enacted. Appellants plead fully the unreasonableness of the ordinance incorporating within the city the territory here involved and make the contention that it bears no reasonable relation to the present needs of the city or its future growth. It is also alleged by appellants that the territory was annexed by the city for the sole and only purpose of mulcting the owners thereof of taxes to pay the city's existing indebtedness with no possible return to the inhabitants of the annexed territory in the way of improvements. It is alleged that the territory annexed is a long narrow strip of land some two miles in length; also that the residents of the territory did not request annexation to the city, nor were they consulted with respect thereto. The pleadings contain an allegation that the territory annexed is pastoral lands used for farming and dairying.

Sulphur Springs is a Home Rule City, Sec. 37 of its charter provides that: "The city commission shall have power by ordinance to annex any additional area lying adjacent to the city. Such an area annexed shall become a part of the City of Sulphur Springs."

R.S., art. 1175, Sec. 2, provides: "The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

This statute derives its power from art. 11, Sec. 5, State Constitution, Vernon's Ann.St. commonly known as the Home Rule Amendment.

It is now the law that the action of a Home Rule City in annexing territory adjacent to it under authority of the constitutional and statutory provisions set out above is legislative in character and cannot be disturbed by courts of justice in this state so long as the procedure employed by the city is regular. "Their present power in this regard, so far as legislative action is concerned, is limited only by the requirement that the territory to be used for that purpose must be adjacent to such municipality."

City of Houston et al. v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928, 931, (opinion by Com. of App. and adopted by the Supreme Court); State v. City of Waxahachie, 81 Tex. 626, 17 S.W. 348. "This power of a Home Rule City to annex territory, being legislative power, is therefore not subject to being revised by the judicial power of the courts."

City of Houston v. State ex rel., supra, citing City of Gladewater v. State, 138 Tex. 173, 157 S.W.2d 641. Under the above holdings appellants' allegations become immaterial and the trial court was correct in sustaining the exceptions thereto. City of Waco v. Higginson, Tex.Com.App., 243 S. W. 1078; see also Cohen v. City of Houston, Tex.Civ.App., 176 S.W. 809; and Tex. Civ.App., 205 S.W. 757 (writ refused in both cases). This is true for the reason as said above, no attack is made on the regularity of the proceedings by the city in annexing the territory, and admittedly the annexed territory lies adjacent to the city. It was said by Judge Hickman in the City of Gladewater v. State, supra [138 Tex. 173, 157 S.W.2d 642]: "It is therefore settled that the statute prescribes a limitation as to the width of the territory to be annexed under its provisions. The effect of the judgment of the Court of Civil Appeals herein is to prescribe another limitation. We have concluded that in the Waxahachie case, supra, relied upon by the trial judge, it was definitely decided that no other limitation may be prescribed by the courts."

We feel now as we did when we handed down the opinion of this court, State v. City of Gladewater, Tex.Civ.App., 139 S. W.2d 283, which was later reversed by the

Supreme Court in City of Gladewater v. State, 138 Tex. 173, 157 S.W.2d 641, that under proper pleadings, as here, appellants should be permitted to try the issue of the reasonableness of the ordinance annexing the territory with respect to the necessity for annexation. No municipal corporation should have unbridled legislative authority to annex adjacent territory which bears no reasonable relation to its needs. However, from the decisions cited above as we construe them, one is precluded from trying out such issues; they are immaterial.

Therefore, based upon the holdings of the Supreme Court, especially in the City of Houston v. City of West University Place, supra, and the City of Gladewater v. the State, supra, the judgment of the trial court is affirmed.

WILLIAMS, Justice, (concurring).

I heartily subscribe to the reasoning set forth in the dissenting opinion by Justice Harvey. I feel that it is within the province of a court of justice to stay or prevent an attempted legal fraud. As expressed in the dissenting opinion and in effect by me in State v. City of Gladewater, Tex.Civ.App., 139 S.W.2d 283, 286: "It is hardly conceivable that the legislature, and the people in adopting the amendment in question, meant by the use of the words 'territory lying adjacent to said city' that a city commission arbitrarily and unreasonably could annex territory in such form, shape and extent as it might see fit, without any curb or limitation."

However, in view of the decisions cited in the opinion by Chief Justice Hall, I yield to his disposition of the appeal in affirming the action of the trial court.

HARVEY, Justice (dissenting).

I am unable to agree with the conclusions of law expressed in the majority opinion. Appellants' pleadings asserted unreasonableness of the ordinance incorporating within the city the territory in question; it alleged its dimensions as being some two miles in length and about 800 feet in width; that the sole reason for annexing the territory was for taxation revenue, with no intention or ability of supplying city conveniences, and so on. I am of the opinion that the pleadings presented a case for judicial review based upon the question of the reasonableness of the extension of the corporate limits and the meaning to be given the word "adjacent." I am aware of the holdings in the cases cited in the majority opinion herein, none of which I conceive to be in conflict with my position. In the case of City of Houston v. State ex rel. City of West University Place, supra, it was held that under the Home Rule Amendment to the Constitution of Texas, art. 11, Sec. 5, Constitution of Texas; art. 1175, Sec. 2, R.C.S. of Texas, that a home rule city had the right to extend its boundary limits and to annex additional territory lying adjacent to such city; that the authority to do so conferred upon such type of city was legislative in nature and courts may not inquire into the motives of the governing bodies of such cities in annexing additional territory. Under the facts of that case the court upheld the right of the City of Houston to annex territory adjacent to it as against the claim of the City of West University Place that territory adjacent to its limits would be appropriated and thereby it would be prevented from future expansion. The major premise in the holding was that the annexed area was "adjacent" to both the cities involved, which apparently was a fact not in dispute and perhaps conceded by all parties. The court in the opinion uses this significant language: "We cannot say in the light of the record that the action of the governing body of the City of Houston in absorbing within its boundaries the territory in question, even though it resulted in encircling the respondent city, was so unrelated to petitioner's economic and municipal needs as to be wholly unreasonable and arbitrary and for that reason subject to judicial review."

In the case of City of Gladewater v. State, supra, the principle was announced that under a statute which, without expressing any qualification, authorized cities to extend their limits by adding territory not to exceed one-half mile in width, such cities could extend their limits to the designated extent and courts were without authority to prescribe limitations as to the use, occupa-

tion, and so on, of such territory. The same point is involved in the case of the City of Gladewater v. State ex rel. Walker, and in the case of State v. City of Waxahachie, supra. The statute having fixed a limitation as to the width of territory that could be annexed, the courts could not prescribe additional requirements. I am in accord with the logic and conclusions arrived at in the cited authorities.

In the case under consideration, the city extended its limits about two miles in length and something like 800 feet in width, which appellants pleaded was unreasonable and arbitrary and for the sole purpose of mulcting the property owners embraced therein out of tax money for the benefit of the city, and with no intention of at any time giving the residents of such annexed strip of land the benefit of city conveniences. It is my opinion that the petition stated a cause of action; that upon a trial on the merits the word "adjacent" should be given a definition applicable to the facts and such judgment entered as the case presented might require. It is hardly conceivable that the legislature, and the people in adopting the amendment in question, meant by the use of the words "territory lying adjacent to said city" that a city commission arbitrarily and unreasonably could annex territory in such form, shape and extent as it might see fit, without any curb or limitation. If a home rule city can extend its city limits 800 feet in width by two miles in length then it would have equal power to extend it 10 miles, 50 miles, or further. The absurdity of such a thing is readily apparent. The cases cited are not authority for the proposition that municipalities have such boundless and unlimited power, and that their acts in such matters are not subject to review by our courts. If the law is thus announced, it would be conducive to precipitating a mad scramble among the cities of this state to extend their limits without let or hindrance in an effort to acquire additional taxable property. Cities in their contour might assume the shape of the arms of an octopus, grotesque and misshapen, or the tentacles of a lobster, or the tubular processes of infusorians. The term "adjacent" in its strict sense means lying near, close, or contiguous; it also connotes being near to, but not necessarily attached or bordering upon. It is a word of such elastic meaning that it has required judicial construction in a multitude of cases in almost every jurisdiction in the United States. See 2 Words and Phrases, Perm. Ed., p. 378, et seq. Could it be said that under the use of the word in question that a city could by ordinance skip over contiguous lands and annex territory several miles away for the purpose of acquiring taxable property? What has been said is for the purpose of demonstrating that the word "adjacent" should be given a reasonable construction, with due consideration of the context in which it is used, and when it is assigned an unreasonable definition by a legislative body or otherwise, the courts should review it judicially. It stands in no different category to numberless other words used in legislative acts that have required definition by the courts. In the case of State ex rel., Childs v. Village of Minnetonka, 57 Minn. 526, 59 N.W. 972, 974, 25 L.R.A. 755, involving a different factual situation, is discussed the meaning of "lands adjacent thereto" as follows: "It is also clear that by the term 'lands adjacent thereto' is meant only those lands lying so near and in such close proximity to the platted portion as to be suburban in their character, and to have some unity of interest with the platted portion in the maintenance of a village government. It was never designed that remote territory, having no natural connection with the village, and not adaptability to village purposes, should be included. Whether the word 'adjacent' is to be given a more limited and definite meaning of universal application, or whether, as is my own impression, there is no inflexible rule, except the general one already laid down, as to what lands are adjacent, and that each case will depend somewhat on its own particular facts, it is not necessary to consider in the present case. There is no difficulty in determining, as a matter of law, that this territory is not 'adjacent,' within any meaning of the word, and that its attempted incorporation into a village was wholly unauthorized by the act."

The territory annexed to a city should have such unity of interest with it as to make it a proper subject of municipal gov-

e/nment. 37 Am.Jur. 643, Sec. 26. While great latitude should be accorded an act of the legislature, or of a city ,in making a boundary extension under the constitutional amendment in question, still, when such an extension is arbitrary or unreasonable in nature, or is a flagrant invasion of property rights it is a subject for judicial review the same as any other kind of legislation.

The judgment should be reversed and the case remanded to the trial court for a trial on the merits.