**FOX DEVELOPMENT COMPANY, Inc.**
Petitioner,

v.

**CITY OF SAN ANTONIO et al.,**
Respondents.

No. B–2451.

Supreme Court of Texas.

June 9, 1971.

Rehearing Denied July 7, 1971.

Gray, Gardner, Robison & Cobb, Earle Cobb, Jr., San Antonio, for petitioner.

Howard C. Walker, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for respondents.

STEAKLEY, Justice.

Petitioner, Fox Development Company, Inc., is the owner of a land area outside the corporate limits of San Antonio which it proposes to subdivide and for which it seeks the delivery of electrical and gas services by the City Public Service Board of the City of San Antonio. The land is situated within five miles of the corporate limits of San Antonio as extended by its Ordinance No. 32619, thus rendering Article 974a[1] applicable. The Board has refused to furnish the services until the plat of the subdivision is approved by the City Planning Commission as required by Section 8 of this statute.[2] Petitioner instituted this suit to obtain a mandatory injunction ordering the furnishing of the utility services in question. The theory of the suit is that Ordinance No. 32619 is void and hence the proposed subdivision of petitioner is not within five miles of the corporate limits which, in turn, renders inapplicable the statutory requirement of approval of the subdivision plat. Denial by the trial court of the relief sought has been affirmed by the court of civil appeals. 459 S.W.2d 670. We affirm.

1. Statutory references are to Vernon's Ann. Civ.Statutes.

2. Section 8 of Article 974a provides:
   "Unless and until any such plan, plat or replat shall have been first approved in the manner and by the authorities provided for in this Act, it shall be unlawful within the area covered by said plan, plat or replat for any city affected by this Act, or any officials of such city, to serve or connect said land, or any part thereof, or for the use of the owners or purchasers of said land, or any part thereof, with any public utilities such as water, sewers, light, gas, etc., which may be owned, controlled or distributed by such city."

Petitioner's attack upon the ordinance consisted of the following allegations:

"This subdivision is within Bexar County, Texas, but is outside the City Limits of San Antonio, Texas. The subdivision is also outside of the actual five mile limit of the City of San Antonio as contemplated by Article 974A [sic], Texas Revised Civil Statutes. By the subterfuge of extending city limits along various roads exiting from the City of San Antonio, the City has attempted to evade the five mile limitation upon its jurisdiction, however, such extension is a violation of the express limitation of Article 974A [sic], and it is an unlawful and unconstitutional attempt to exercise extraterritorial [sic] jurisdiction."

The facts were stipulated by the parties. Ordinance No. 32619 is one of a group of similar ordinances of the City of San Antonio extending its city limits five miles in length coextensive with various highway rights-of-way, and generally described as "spoke" ordinances. This particular ordinance annexes the highway right-of-way for U. S. Highway 281 South and embraces an area of .11 square miles. The area is contiguous to the existing city limits and its width is calculated to be 116.16 feet. The area is not included within and does not touch the city limits of any other municipality. It does not include any privately owned or occupied land area. These facts, petitioner says, make its case and poses the question of whether the ordinance is void as beyond the authority granted the City of San Antonio by Article 1175, Subdivision 2: "The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city. * * *"

Petitioner had the burden in its collateral attack of showing that the ordinance in question is void. See Deacon v. City of Euless, 405 S.W.2d 59 (Tex.Sup.1966); Beyer v. Templeton, 147 Tex. 94, 212 S. W.2d 134 (1948); City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 154 A.L.R. 1434 (1944); Parks v. West, 102 Tex. 11, 111 S.W. 726 (1908); City of Houston v. Houston Endowment Inc., 428 S.W.2d 706 (Tex.Civ.App.1968, writ ref'd n.r.e.); City of Irving v. Callaway, 363 S. W.2d 832 (Tex.Civ.App.1962, writ ref'd n. r.e.). Its position is that under the stipulated facts the area in question is not "territory lying adjacent to" the City of San Antonio as a matter of law. Its supporting argument is that there could be no purpose for the annexation other than that of extending the extra-territorial jurisdiction of the city, and that the city has not alleged or established any justification for the annexation other than this. City of Pasadena v. City of Houston, 442 S.W.2d 325 (Tex.Sup.1969) is said to be controlling; People ex rel. Adamowski v. Village of Streamwood, 15 Ill.2d 595, 155 N.E.2d 635 (1959) is cited as persuasive. The ruling force of State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780 (1957) is sought to be discounted by the fact that the decision was by a closely divided court and the decision is said to have been weakened by the subsequent enactment of Article 970a. It is to be noted that petitioner did not by allegations or factual proof rely upon the considerations considered important by the dissenting Justices in State ex rel. Pan American Production Co. v. Texas City; also that the majority opinion there took cognizance of the contrary holdings in other jurisdictions of which the cited case of People ex rel. Adamowski v. Village of Streamwood is representative.

Rules of long standing in our State were reaffirmed in State ex rel. Pan American Production Co. v. Texas City, supra. It was there repeated that the only limitation on the power of a city to annex additional territory is that it be adjacent to the city and not included within the boundaries of any other municipality; and "that the Legislature used the term [adjacent] in the sense of being 'contiguous' and 'in the neighborhood of or in the vicinity of,' without reference to the character of the

land or the use to which it is put." City of Wichita Falls v. Bowen, supra, was cited for its holding that an annexed area consisting of military bases under the exclusive jurisdiction and control of the federal government, and connected to the city only by a state highway stem, was adjacent to the city in the sense used in Article 1175, Subdivision 2. It was emphasized in *Bowen* that Article 1175 does not require that land annexed by a city be of any particular length, width, shape or size. See also State ex rel. City of West Orange v. City of Orange, 300 S.W.2d 705 (Tex.Civ. App.1957, writ ref'd n.r.e.); and Lefler v. City of Dallas, 177 S.W.2d 231 (Tex.Civ. App.1943, no writ). Our latest consideration of the problem arose in City of Houston v. Houston Endowment Inc., supra. The ordinance there under attack sought to annex 220 acres of land owned by Houston Endowment by means of a connecting strip or stem 150 feet wide extending from the general city limits of Houston a distance of six and one-eighth miles. The tract in question was not subject to annexation by any other Home Rule city. It was held by the court of civil appeals that the stem of land was adjacent to the general city limits of Houston as a matter of law; and further, that the ordinance was not void and could be attacked only in a suit in a nature of a quo warranto proceeding to which the State is a party. *Texas City, Bowen, City of Orange* and *Lefler* were cited as controlling.

The 1963 Municipal Annexation Act, Article 970a, is controlling here and is consistent with these court decisions.[3] Section 3 of the 1963 Act establishes the extra-territorial jurisdiction of the various population classes of cities in the State in terms of "the contiguous unincorporated area, not a part of any other city." It is territory within this prescribed extraterritorial jurisdiction which Section 7 of the 1963 Act says a city may annex. There is no suggestion in the decisions of our courts that there may be legal non-adjacency, notwithstanding actual contiguity, where annexation by, or adjacency to only one city is involved.

City of Pasadena v. City of Houston, 442 S.W.2d 325 (Tex.Sup.1969) and City of Irving v. Dallas County Flood Control District, 383 S.W.2d 571 (Tex.Sup.1964), upon which petitioner principally relies, are not apposite. The problem in each of these cases was whether the respective territories, which were contiguous to each of the competing Home Rule cities and patently adjacent to the contesting cities, would also be considered adjacent in law to the cities attempting annexation. The holdings were not that there could be no adjacency in the statutory sense as to the annexing cities, which had lesser contiguity, but that the other cities had controlling adjacency. This rested upon the disproportionate touching of the respective city boundaries, and not upon the size, shape or

3. The Sixty-Second Legislature at its recently concluded Regular Session enacted S.B. 580, Section 1 of which provides in part:

"Section 1. Section 7, Article I, Municipal Annexation Act (Article 970a, Vernon's Texas Civil Statutes), is amended by adding a new Subsection B–1 to read as follows:

'B–1. (a) It is against the public policy of this State and the policy and purposes of this Act for a city to annex any narrow strip of territory for the sole purpose of expanding the extraterritorial jurisdiction of the city to developed or developing areas otherwise beyond its extraterritorial jurisdiction. As used herein the term 'narrow strip of territory' shall mean any strip of land, publicly or privately owned, which is less than three hundred (300) feet in width at its greatest width and extends to or beyond one-half the extent of the city's extraterritorial jurisdictional limits as established by Section 3, Article I of the Municipal Annexation Act, compiled as Section 3 of Article 970a, Vernon's Texas Civil Statutes.'" S.B. 580 awaits action of the Governor at this time. The bill does not purport to be retroactive or to invalidate prior annexation ordinances.

character of the strips of land in question in relation to the cities involved.

Petitioner did not establish that Ordinance No. 32619 is void and the trial court correctly ruled that it take nothing. The judgment of the court of civil appeals is affirmed.