**CITY OF WICHITA FALLS,**
Texas, Petitioner,

v.

**STATE of Texas ex rel. Richard VOGTSBERGER, Respondent.**

No. B–5593.

Supreme Court of Texas.

March 3, 1976.

Rehearing Denied March 31, 1976.

H. P. Hodge, Jr., City Atty., Wichita Falls, for petitioner.

Douthitt & Mitchell, Frank J. Douthitt, Henrietta, Paul O. Wylie, County Atty., Archer City, for respondent.

STEAKLEY, Justice.

This is a quo warranto proceeding attacking the validity of several related annexation ordinances enacted by the City of Wichita Falls. The suit was brought by the State of Texas on the relation of Richard Vogtsberger, an affected property owner. The trial court concluded that the basic Ordinance No. 2756, and hence the dependent ordinances, were void and its judgment to such effect was affirmed by the Court of Civil Appeals. The stated reasons of the intermediate court were that the annexed territory was not adjacent to the pre-existent city limits; and that, upon the basis of a presumed finding that notice of the annexation was not carried in a publication of general circulation, there was want of requisite notice. 526 S.W.2d 618. We disagree in both respects and so reverse and render judgment for the City.

The City of Wichita Falls is a home rule city located in Wichita County with a popu-

lation in excess of 50,000 but less than 100,000. In accordance with Tex.Rev.Civ. Stat.Ann. art. 970a, § 3.A(4) (1963), it has a three and one-half mile extra-territorial jurisdiction. The area attempted to be annexed by Ordinance No. 2756 was contiguous to the pre-existent boundaries of the City to the extent of the width of the right-of-way of U.S. Highway 281. The proposed annexation extended southward along the highway to a point of intersection with a water transmission line lying between Lake Arrowhead and the city limits. The annexed land then followed the water line eastward and ended at a point within the extra-territorial jurisdiction of the City. It is undisputed that the territory encompassed within Ordinance No. 2756 was contiguous to the boundaries of the City to the extent of the width of Highway 281; that all the annexed territory was within the extra-territorial jurisdiction of the City of Wichita Falls; and that there was no conflict with the boundaries or extra-territorial jurisdiction of any other municipality. Ordinance No. 2780 extended beyond the area annexed by Ordinance No. 2756 and along the right-of-way of the water transmission line for a distance less than three and one-half miles. Ordinance No. 2808 began at the terminus of the area annexed by Ordinance No. 2780 and included the remaining portion of the right-of-way of the water line, together with the area covered by Lake Arrowhead, also a distance of less than three and one-half miles. Ordinance No. 2808 specifically excluded any portion of the described area within the extra-territorial jurisdiction of the City of Scotland.

Citing *Fox Development Company v. City of San Antonio,* 468 S.W.2d 338 (Tex.1971), the basic contention of the City of Wichita Falls, Petitioner, is that the courts below were in error in holding Ordinance No. 2756

to be void for lack of adjacency. Respondent seeks to distinguish *Fox* on the ground that the instant case involves a direct attack in quo warranto, whereas the attack in *Fox* was collateral. Relying on *City of Wichita Falls v. Bowen,* 143 Tex. 45, 182 S.W.2d 695 (1944), Respondent argues that in a direct proceeding of this nature the courts may consider the shape of the area to be annexed and the purposes for the annexation in determining the validity of annexation ordinances; and that there are tests or standards to be applied in quo warranto proceedings different from those to be utilized in collateral attacks. Respondent says, finally, that if controlling, *Fox* should be re-examined and overruled.

Traditionally, the courts of this State have not scrutinized the purpose of annexation ordinances or the use or character of the occupation of the annexed territory. Nor have our courts prescribed shape limitations. These are legislative prerogatives. *State ex rel. Pan American Production Co. v. Texas City,* 157 Tex. 450, 303 S.W.2d 780 (1957); *City of Gladewater v. State ex rel. Walker,* 138 Tex. 173, 157 S.W.2d 641 (1941); *State v. City of Waxahachie,* 81 Tex. 626, 17 S.W. 348 (1891); *Norris v. City of Waco,* 57 Tex. 635 (1882); and *State ex rel. Graves v. City of Sulphur Springs,* 214 S.W.2d 663 (Tex.Civ.App.— Texarkana 1948, writ ref'd n. r. e.). Generally speaking, the limitations fixed on the power of a city to annex additional territory by legislative enactments are that the territory be adjacent to existing boundaries and within the extra-territorial jurisdiction of the annexing city. Art. 970a, *supra; City of Waco v. City of McGregor,* 523 S.W.2d 649 (Tex.1975); *Fox Development Company v. City of San Antonio, supra; State ex rel. Pan American Production Co. v. Texas City, supra.*[1]

---

1. We note that Art. 970a, § 7.B–(a) (Supp. 1975) which became effective on September 1, 1975 provides:

No home rule or general law city may annex any area, whether publicly or pri-

vately owned, unless the width of such area at its narrowest point is at least 500 feet, except that a city having a population of twelve thousand (12,000) inhabitants or less may annex an area that is less

*Fox Development Company v. City of San Antonio, supra,* involved a collateral attack on the validity of one of a group of "spoke" ordinances enacted by the City of San Antonio. The ordinance in controversy annexed the right-of-way of Highway 281 adjacent to the City of San Antonio. The area annexed was not included within and did not touch the city limits of any other city. We upheld the ordinance against the contention that it was void for want of adjacency. In so doing we reviewed essentially the same considerations urged by Respondent here, together with the ruling decisions of this Court, many of which we have noticed above. It was correctly said in *Fox*:

> . . . There is no suggestion in the decisions of our courts that there may be legal non-adjacency, notwithstanding actual contiguity, where annexation by, or adjacency to only one city is involved.

See also *City of Waco v. City of McGregor, supra*; and *City of Irving v. Dallas County Flood Control District,* 383 S.W.2d 571 (Tex.1964). Respondent's reliance on *City of Wichita Falls v. Bowen, supra,* is misplaced. That case involved a collateral attack on the annexation of two airfields and the highway connecting them to the city. The ordinance covered the width of the highway for a distance of three to four miles before spreading out to cover the airfields. The Court of Civil Appeals held the annexation ordinance to be void on the ground that the land was not legally adjacent. This Court reversed, holding:

> . . . It is true, as shown by the opinion of the Court of Civil Appeals, that the land here annexed is only joined to the City by a narrow neck, but that fact, standing alone, could not render this ordinance void. *Neither the statute, Article 1175, supra, nor the charter of the City, defines or provides any length,*

than 500 feet in width if the corporate limits of the city are contiguous with the property on at least two sides.

*width, shape, or amount of area of land that the City may annex. It must follow, therefore, that any attack on this shape of the area included therein, if it can be made at all, a matter we do not decide,* must be made in a direct proceeding to which the State is a party. (Emphasis added.)

■■ It is apparent that *Bowen* reaffirmed established principles and did not reach or purport to decide the question at hand. Where there is compliance with statutory requirements, as here, the annexation ordinance must stand whether the attack is direct by quo warranto or collateral.

■■ We agree with the Court of Civil Appeals that the description of the territory to be annexed by the ordinances in question was sufficient. See the cases there cited. We disagree with the rationale of the court in presuming that the newspaper carrying the notice of the proposed annexation proceedings was not a publication of the general circulation required by statute, and hence that there was want of requisite notice. The Court of Civil Appeals initiated the conclusion that all of the evidence considered by the trial court was not brought forward, and that the court was required to presume in support of the judgment of the trial court that it was proved that the newspaper carrying the notice did not meet the requirement of Tex.Rev.Civ.Stat.Ann. art. 970a, § 6 (1963). We find no warrant for these conclusions. The ordinances were not attacked by the State upon this ground; and there is no suggestion in the record that this issue was tried by consent. Nor is there any showing that the appellate record did not reflect all of the evidence considered by the trial court. Indeed, the judgment of the trial court recited that:

> . . . the parties entered their appearance by counsel and the exhibits

Respondent does not contend that this limitation should be applied retroactively to the ordinances presently before us.

were introduced and evidence stipulated; thereafter, the stipulations, including the proof of the exhibits, were reduced to writing and filed in the record herein; attorneys for Petitioner and Respondent submitted Memorandum or Trial Briefs, containing not only law briefs but written argument; after considering all of the competent evidence, exhibits, briefs and arguments of counsel, the Court is of the opinion that judgment should be entered herein for Petitioner  .   .  ..

The judgments below are reversed and judgment is here rendered that the State take nothing.