**504**

Samuel H. SPENCER et ux., Appellants,

v.

The CITY OF BROWNSVILLE, Appellee.

No. 14938.

Court of Civil Appeals of Texas,
San Antonio.

Sept. 16, 1970.

Rehearing Denied Oct. 14, 1970.

Lopez, Galindo & Davidson, Brownsville, for appellant.

Garcia & Warburton, Brownsville, for appellee.

BARROW, Chief Justice.

Appellants, Samuel H. Spencer and wife, Minerva Spencer, brought this suit to enjoin the City of Brownsville from passing at second and final reading an annexation ordinance. A temporary restraining order was granted without notice; however, after a full hearing, the trial court dissolved the restraining order and denied appellants' application for a temporary injunction. Appellants were permitted to post a supersedeas bond to stay proceedings during this appeal. Two points are asserted on this appeal.

The City of Brownsville is a home-rule city and seeks to annex certain adjacent area under authority of the Municipal Annexation Act, Art. 970a, Vernon's Ann. Civ.St. Appellants, who are residents of the area proposed to be annexed, urge by their first point that the annexation ordinance is void because the City failed to comply with the notice requirements of Section 6 of said Act. Specifically, it is asserted that the City was required to have another public hearing after the City Commission deleted a part of the proposed area following the public hearing.

All facts were stipulated. The City Commission informally discussed annexation proceedings at its meeting of January 29, 1970. On February 26, 1970, the Commission adopted a resolution proposing annexation of certain described territory. Such resolution directed the City Secretary to give notice of a public hearing to be

held on March 19, 1970, and further advised that annexation proceedings would be initiated on April 2, 1970. Notice of the public hearing was published together with a full description of the area proposed to be annexed. On March 19, 1970, a lengthy public hearing was held where many persons appeared and argued the proposal both pro and con. At the conclusion of this hearing, the Commission adopted a motion to take the matter of the proposed annexation under advisement. On April 2, 1970, the Commission passed, at first reading, an annexation ordinance which included a full description of the area. This ordinance deleted 389 acres from the area as described in the notice of the public hearing. Public notice was given on April 10, 1970, of the passage of this ordinance at first reading on April 2, 1970, together with a description of the area to be annexed at final reading on May 14, 1970.

It is undisputed that the annexed area was all included within the original description as published before the public hearing. Appellants' land is located within the area described in the annexation ordinance passed on April 2, 1970. Thus, it was also in the original description; and appellant, Mrs. Spencer, actually appeared at the public hearing and testified against the proposed annexation.

The question presented is whether the City's action in not having another public hearing after the Commission decided to delete 389 acres from the proposed annexation made the annexation ordinance of April 2, 1970, wholly void so as to enable appellants to challenge the validity of same. See Deacon v. City of Euless, 405 S.W.2d 59 (Tex.1966); City of Houston v. Harris County Eastex Oaks Water & Sewer District, 438 S.W.2d 941 [Tex.Civ.App. —Houston (1st Dist.) 1969, writ ref'd n.r. e.].

A similar question was presented in Miller v. City of Mercedes, 361 S.W.2d 464 (Tex.Civ.App.—Eastland 1962, writ ref'd n.r.e.). Miller brought suit to restrain the enforcement of an annexation ordinance which was alleged to be void because of a material variance between the area to be annexed as described in the notice served on the residents in accordance with the city charter and the area actually annexed. The record was undisputed that approximately three square miles were deleted from the proposed area, although the area actually annexed lies wholly within the area described in the notice. It was held that the variance was not material, and that the annexation was not void.

In City of Houston v. Harris County Eastex Oaks Water & Sewer District, supra, an annexation ordinance was challenged because the notice of annexation included certain areas which had been previously annexed by the City of Humble. Such areas were excluded in the annexation ordinance actually passed. It was held that such defect in the notice did not render the annexation void. It was there pointed out that Sec. 6 of Art. 970a, does not specifically require that the notice contain a description of the territory proposed to be annexed, nor that the notice be in the same form as the annexation ordinance; this section merely requires that notice be given of a public hearing at which interested persons are to have an opportunity to be heard.

■ Under the undisputed evidence here, notice of the public hearing was duly given, and the public was advised of the area proposed to be annexed. The area actually annexed was included within such proposed area. The public hearing was held and interested persons, including appellants, were given the opportunity to be heard. The City Commission, as a result of the hearing, determined to reduce the area to be annexed by deleting some of the proposed area. Under this record the annexation ordinance passed at first reading on April 2, 1970, is not void.

■ Under their second point, appellants urge that since it is common knowl- that the City of Brownsville is financially unable to provide all the usual gov-

ernmental and proprietary services to present residents, it obviously will be unable to provide same for the annexed area. The minutes of the public hearing reflect that this concern was repeatedly urged by those objecting to the proposed annexation. However, it cannot be said that such concern, even if established, would render the annexation ordinance void. Sec. 10 of the Act provides a remedy in the event that the City fails to furnish such services.

The trial court did not err in refusing to grant appellants a temporary injunction to enjoin the City from passage of the annexation ordinance at final reading. The judgment of the trial court is affirmed.