**B.G. and Donnabee LARKINS, Appellants,**

v.

**CITY OF DENISON, Appellee.**

**No. 05–83–01289–CV.**

Court of Appeals of Texas, Dallas.

Nov. 26, 1984.

Nance, Caston & Sanders, Sherman, for appellants.

Ronald H. Clark, Henderson, Bryant & Wolfe, Sherman, for appellee.

Before ALLEN, GUILLOT and STEWART, JJ.

STEWART, Justice.

Appellants, B.G. and Donnabee Larkins, challenge the trial court's granting summary judgment in favor of appellee, City of Denison. Appellants contend that summary judgment was both procedurally and substantively improper. We do not agree and, therefore, affirm the trial court's judgment.

Appellants brought this action seeking damages, injunctive relief and a judgment declaring void the ordinance under which the City sought to annex an area in which a portion of their land was located. Appellants alleged that the ordinance was void from its inception because it was arbitrarily and capriciously enacted. They also claimed that the ordinance was fraudulent because the City did not have the resources necessary to implement the services which TEX.REV.CIV.STAT.ANN. art. 970a (Vernon 1963 and Vernon Supp.1984) requires it to provide for newly annexed areas.[1] The City answered and specially excepted to the Larkins' petition, contending that it did not state a cause of action.

Without obtaining a ruling on its special exceptions, the City moved for summary judgment. To counter the "arbitrary and capricious enactment" claim, the City urged that whether the ordinance was enacted for arbitrary and capricious purposes was a political question not subject to judicial resolution. In response to the "fraudulent ordinance" claim, the City stated that appellants' sole remedy was to seek disannexation if the City failed to provide services required by the statute. Appellants did not respond to the City's motion. The trial court found each ground sufficient to defeat appellant's claims and therefore granted summary judgment.

---

1. All citations are to TEX.REV.CIV.STAT.ANN. unless otherwise indicated.

■ Appellants first contend that summary judgment was improperly granted because the trial court did not first rule on the City's special exceptions and allow them to amend in response thereto. We disagree. Appellants filed no answer or response to the City's motion; consequently, they are limited on appeal to the contention that the grounds expressly presented to the trial court by the motion are insufficient as a matter of law to support the summary judgment. As non-movants, they may not raise other issues, such as the one urged here, as grounds for reversal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A(c). Accordingly, we overrule this point of error.

Appellants next urge that the trial court erred in granting summary judgment because their petition raises unresolved factual questions of whether the ordinance was enacted for arbitrary and capricious purposes. They argue that if they could show the city council was so motivated when it passed the ordinance, they would be entitled to a declaratory judgment nullifying the ordinance. We cannot agree with appellants' conclusion.

■ The Texas Constitution provides that one branch of government may not exercise those powers committed to a coordinate branch. TEX.CONST.ART. II, § 1. Therefore, if a question is, by its nature, committed to the political branches of state government, then a court is not free to substitute its judgment for that body's decision. *Wolf v. Young*, 277 S.W.2d 744 (Tex.Civ.App.—Corpus Christi 1955, writ ref'd n.r.e.). It is well-settled that the determination of municipal boundaries is a question for political rather than judicial resolution. *City of Wichita Falls v. State ex rel. Vogtsberger*, 533 S.W.2d 927 (Tex.), *cert. denied*, 429 U.S. 908, 97 S.Ct. 298, 50 L.Ed.2d 276 (1976). Under article 970a, the legislature delegated its powers in this regard to the cities, subject to certain limitations. Because those limitations apply to the location of the annexed area rather than to the purposes for which annexation

is sought, appellants may not judicially challenge the validity of the annexation ordinance on the basis that it was improperly motivated. *State ex rel. Pan American Production Co. v. Texas City*, 157 Tex. 450, 303 S.W.2d 780 (1957); *Superior Oil Co. v. City of Port Arthur*, 628 S.W.2d 94 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.), *appeal dismissed*, 459 U.S. 802, 103 S.Ct. 25, 74 L.Ed.2d 40 (1982).

■ Generally, the legislature has granted the governing municipal body the power to annex territory so long as it is adjacent to and contiguous with the City's present boundary and is within its extraterritorial jurisdiction. *City of Wichita Falls*, 533 S.W.2d at 929. The City's summary judgment proof adequately establishes that it did not violate any of these limitations, and the appellants do not contend otherwise. We conclude, therefore, that the ordinance is not void.

■ Because this suit was brought by private parties, the City need not prove that the annexation process was wholly without defect. If the City did not exceed the scope of its delegated powers, other defects in the annexation process could be asserted only by the State in a quo warranto proceeding. *Hoffman v. Elliott*, 476 S.W.2d 845 (Tex.1972); *City of Wichita Falls v. Bowen*, 143 Tex. 45, 182 S.W.2d 695 (1944).

Appellants next contend that they were entitled to a judgment declaring the ordinance void because the City could not provide the services which article 970a requires it to provide annexed areas. Appellants concede that, since they filed suit prior to the time that the ordinance became effective, they have not sought disannexation under article 970a, § 10(F). However, appellants urge that they are not required to seek disannexation because they seek to have the ordinance declared void. The City counters this argument by contending that section 10(F) is the exclusive remedy for failure to meet the services plan if and when such failure occurs. We agree with the City.

When a city fails to implement the services plan within the specified time after the annexation ordinance takes effect, the relevant portion of article 970a, § 10(F) allows:

a majority of the qualified voters [of] ... such ... area [to] ... petition ... to disannex such ... area. Should the ... city fail or refuse to disannex, ... any ... of the signers of such petition may file in a district court.... [I]f the ... court finds that a valid petition was filed, ... and that the city failed to perform its obligations, ... it shall enter an order disannexing such ... area.

 Our supreme court has not decided whether section 10 is the *exclusive* remedy for failure to meet the services plan required by article 970a. However, another intermediate appellate court considered this question in *Spencer v. City of Brownsville*, 458 S.W.2d 504 (Tex.Civ.App.—San Antonio 1970, no writ). Then-Chief Justice Barrow wrote: "[I]t cannot be said that such concern [over the inability to provide the required services], even if established, would render the annexation ordinance void. Sec[tion] 10 of the Act provides a remedy in the event that the City fails to furnish such services." *Spencer*, 458 S.W.2d at 506. We agree. Where a statute provides a particular remedy, the courts should be wary of reading into it other remedies which negate the protections for competing interests which the legislature considered when shaping the remedy. *See, Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1976). Accordingly, we hold that a prospective failure to meet a services plan alone does not create in appellants the right to seek to invalidate an annexation ordinance.

Although we hold the city council properly exercised its delegated authority to legislate when it enacted the annexation ordinance, appellants could not in any event recover money damages for legislative acts. TEX.REV.CIV.STAT.ANN. art. 6252–19, § 14(2) (Vernon 1970). In addition, injunctive relief is unavailable because the courts will not enjoin the enactment of an annexation ordinance unless there is a clear showing that its mere enactment will cause irreparable harm. *Universal City v. City of Selma*, 514 S.W.2d 64 (Tex.Civ.App. —Waco 1974, writ ref'd n.r.e.). At no time did appellants urge that the mere enactment of the ordinance would irreparably harm them.

Because the City's grounds for summary judgment were well-founded, the trial court's judgment is affirmed.