**ALEXANDER OIL COMPANY,**
**Appellant,**

**v.**

**The CITY OF SEGUIN, Appellee.**

**No. 04–88–00373–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 13, 1989.

Rehearing Denied Oct. 23, 1989.

---

**11.** Indeed, the State so argued to the jury at the    guilt-innocence phase.

James W. Saunders, San Antonio, for appellant.

Sharon E. Callaway, Crofts, Callaway & Jefferson, Paul A. Drummond, Groce, Locke & Hebdon, San Antonio, for appellee.

Before CHAPA, PEEPLES and BISSETT, JJ.

BISSETT, Assigned Justice.*

This appeal arises out of the annexation of 192.43 acres of land by Ordinance No. 814 ("the ordinance") into The City of Seguin, Texas ("the City"). Prior to annexation, the 192.43 acres, which included property owned by Alexander Oil Company ("Alexander"), was within the extraterritorial jurisdiction of the City, as defined by TEX.REV.CIV.STAT.ANN. art. 970a § 3 (now codified as TEX. LOCAL GOV'T CODE ANN. § 42.021 (Vernon 1988)). The City undertook the following steps in compliance with the requirements of article 970a governing municipal annexations: 1) on November 14 and 16, 1986, it published a joint notice in the *Seguin Gazette–Enterprise* of two public hearings to be held November 25 and 26, 1986, on the matter of the annexation; 2) in addition to the newspaper notice, the City Secretary posted the agenda of the public hearings on the front door of the Seguin Municipal Building on November 19, 1986.

The two required public hearings were held as scheduled on November 25 and 26, 1986. Section 10 of article 970a (now codified as TEX. LOCAL GOV'T CODE ANN. § 43.056(a) (Vernon 1988)) also requires that prior to notice of the public hearings the City's planning department prepare a service plan to provide for extension of municipal services into the area to be annexed. There is a dispute in the record as to when the service plan was prepared and whether it was presented, explained, or amended at the public hearings, and whether it was attached to the ordinance during all three "readings" by the City Council. A

service plan was ultimately incorporated into the annexation ordinance.

The City Council then undertook the necessary "readings" of the proposed annexation ordinance in three successive meetings held on December 16, 17 and 18, 1986. The ordinance was approved upon each reading.

On December 18, 1986, the City Council passed ordinance No. 814, which annexed the 192.43 acres. Notice of that passage was published in the *Seguin Gazette–Enterprise* on December 23 and 26, 1986. On March 3, 1987, Alexander Oil Company filed suit asking, among other relief which has no bearing on this appeal, that the annexation be declared void.

Both parties filed motions for summary judgment and responses to the opposing party's motion. Alexander sought summary judgment in its favor, arguing that the ordinance was void and the City was liable to it in damages because the City had failed to properly prepare or present a service plan, and had failed to give notice of public hearings in accordance with article 970a and its charter. In addition, Alexander sought damages based on the service plan, as incorporated in the ordinance, providing for services lesser than those provided prior to annexation. The City sought summary judgment in its favor and argued that the summary judgment proof established as a matter of law that the ordinance was not void *ab initio*, which was an essential element of Alexander Oil Company's collateral attack on the ordinance in this non quo warranto proceeding. Additionally, the City argued as to Alexander's complaints about the level of municipal services provided in the ordinance, that as a matter of law disannexation was its sole remedy, and that since this suit was not a disannexation proceeding, no justiciable controversy was presented.

The trial court denied Alexander Oil Company's motion and granted the City's motion for summary judgment, ordering that Alexander, plaintiff in the trial court, take nothing by way of its suit. Alexander appeals from that judgment.

---

* Assigned to this case by the Chief Judge of the Supreme Court of Texas pursuant to Texas Government Code Annotated § 74.003 (Vernon 1988).

The City is a Home Rule City, and the power to annex territory is a legislative power conferred upon it by the TEX. CONST. art. XI, § 5. *City of Irving v. Dallas County Flood Control Dist.*, 383 S.W.2d 571 (Tex.1964). Article XI, section 5 of the Texas Constitution, in relevant part, provides:

> that no ... ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State; ....

In keeping with the Texas Constitution, the legislature enacted TEX.REV.CIV. STAT.ANN. art. 1175(2) (now codified as TEX. LOCAL GOV'T CODE ANN. § 43.-021 (Vernon 1988)), enumerating powers of Home Rule Cities, to wit:

> The power to ... provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, ... according to such rules as may be provided by said charter not inconsistent with the procedural rules prescribed by the Municipal Annexation Act [Tex.Rev.Civ.Stat.Ann. art. 970a].

Section 6 of art. 970a (now codified as TEX. LOCAL GOV'T CODE ANN. § 43.-052 (Vernon 1988)), in pertinent part, provided:

> Before any city may institute annexation proceedings, the governing body of such city shall provide an opportunity for all interested persons to be heard at a public hearing to be held not more than twenty (20) days nor less than ten (10) days prior to institution of such proceedings. Notice of such hearing shall be published in a newspaper having general circulation in the city and in the territory proposed to be annexed. The notice shall be published at least once in such newspaper not more than twenty (20) days nor less than ten (10) days prior to the hearing ...

The Home Rule Charter of the City requires compliance with the Municipal Annexation Act, as follows:

> Section 1.03(d) COMPLIANCE: Any proceeding for annexation under the provi-sion of this article shall comply with the terms and conditions of TEX.REV.CIV. STAT.ANN. art. 970a.

Alexander presents twenty-three points of error. It contends in points one through twelve and in fifteen that the trial court erred in granting summary judgment for the City because as a matter of law the annexation ordinance was void. In support of such contention, it asserts, in summary: 1) the City did not hold *two* public hearings on the matter of the annexation of the involved land "not more than twenty (20) days nor less than ten (10) days prior to institution of such proceedings," as required by section 6 of art. 970a; 2) there were no directions or instructions given to the City Director of Planning to publish notices of public hearings to be held on November 25 and 26, 1986; 3) publication of the notice on November 16, 1986 advising that a public hearing on the proposed annexation would be held on November 26, 1986 is less than the required ten (10) day interval mandated in section 6 of the Municipal Annexation Act; 4) section B of the Municipal Annexation Act requires the publication of a *single* notice of *each* public hearing, and publication of a *joint* notice of the two public hearings in *two* issues of the local newspaper does not comport with the provision of the Act; 5) the posted notice and the published notices of the public hearings do not include as a part of the notice that the subject matter of the public hearings would include an explanation of a service plan to provide for the extension of municipal services to the proposed annexed area, as required by section E of the Municipal Annexation Act; and 6) a service plan for the proposed annexed area was not in existence on November 25 and 26, 1986, when the two public hearings were held, which was in violation of sections 10 A and 10 E of the Municipal Annexation Act.

■ Generally speaking, the validity of an annexation by a city can be attacked only by a direct suit in the nature of a quo warranto proceeding by the state, or in a proceeding in which the state is a party. *Hoffman v. Elliott*, 476 S.W.2d 845, 846 (Tex.1972); *Kuhn v. City of Yoakum*, 6

S.W.2d 91 (Tex. Comm'n App.1928); *City of Houston v. Savely,* 708 S.W.2d 879, 889 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 698 (1987).

■ A suit challenging an annexation ordinance where the state is not a party is a collateral attack on the ordinance. Collateral attacks by private parties are permissible, but only when that party can show that the ordinance in question is wholly void because not authorized by law or color of law. *Deacon v. City of Euless,* 405 S.W.2d 59, 64 (Tex.1966); *City of Wichita Falls v. Bowen,* 143 Tex. 45, 182 S.W.2d 695, 698 (1944).

■ In the event the annexation proceedings by a city are not void, but are only an irregular exercise of power, a private party does not have standing to attack the annexation ordinance. *Beyer v. Templeton,* 147 Tex. 94, 212 S.W.2d 134, 138 (1948).

There is a difference, however, between an ordinance being utterly void because not authorized by law or color of law and being voidable for irregularities in its adoption. *City of Nassau Bay v. City of Webster,* 600 S.W.2d 905, 907 (Tex.Civ.App.—Houston [1st Dist.] ), *writ ref'd n.r.e. per curiam,* 608 S.W.2d 618 (Tex.1980). To collaterally attack an annexation ordinance, a private party must show that it is void *ab initio,* meaning that the act of annexation was wholly beyond the powers of the municipality or that there was an entire want of power on the party of the city of annex. *City of Houston v. Harris County Eastex Oaks Water & Sewer Dist.,* 438 S.W.2d 941, 944 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

Annexations have been declared void *ab initio* in the following instances: *First,* annexing territory and exceeding the 10 percent limitation of section 7 B of art. 970a (now codified as TEX. LOCAL GOV'T CODE ANN. § 43.055 (Vernon 1988)) rendered the ordinance void. *Deacon v. City of Euless,* 405 S.W.2d 59, 64 (Tex.1966). *Second,* violating article 970a (now codified as TEX. LOCAL GOV'T CODE ANN. § 43.022 (Vernon 1988)) by attempting to annex territory within the corporate limits of another municipality or annexing property not adjacent to its own city limits would make an ordinance void *ab initio,* and wholly beyond the power of the municipality. *City of Irving v. Callaway,* 363 S.W.2d 832, 835 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). *Third,* an annexation ordinance containing a description under which it was impossible to close the boundary of the annexed territory is void. *State ex rel. Rose v. City of La Porte,* 386 S.W.2d 782, 789 (Tex.1965). *See also, City of West Orange v. State ex rel. City of Orange,* 613 S.W.2d 236 (Tex.1981) (ordinance held to be void because annexed area was outside extraterritorial jurisdiction of the annexing city); *City of Waco v. City of McGregor,* 523 S.W.2d 649, 652 (Tex.1975) (annexation ordinance held to be void because the annexed territory was within the extraterritorial jurisdiction or boundaries of another city).

■ Texas courts clearly hold that to show merely that there were irregularities or deficiencies in the annexation process, as alleged by Alexander in its motion for summary judgment, and as argued by it in this appeal, will not render an ordinance void so as to authorize a collateral attack. *See City of Houston v. Savely,* 708 S.W.2d 879, 889 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), *cert. denied,* 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 698 (1987) (allegation of defect in public hearing will not support collateral attack); *City of Houston v. Harris County Eastex Oaks Water & Sewer Dist.,* 438 S.W.2d 941, 944 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.) (defects in notice or in boundary descriptions of annexed area do not make ordinance void). Irregularities in notice, public hearings, and service plan may well make the ordinance voidable in a direct attack, but that is different from the void *ab initio* element that Alexander Oil Company, in order to prevail, had to establish in this collateral attack on the ordinance.

The instant suit was brought by a private person who owned land in the area annexed by the City. Because suit was brought by a private person, the City was not required to prove that the annexation

process was not without defect; the fact that there are irregularities and insufficiencies in the notice of public hearings and the fact that that City did not comply with the statutory requirements concerning the service plan for the annexed area constitute irregularities in the annexation process, but they do not render the annexation ordinance void. *Larkins v. City of Denison,* 683 S.W.2d 754 (Tex.App.—Dallas 1984, no writ); *May v. City of McKinney,* 479 S.W.2d 114 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.); *Lefler v. City of Dallas,* 177 S.W.2d 231 (Tex.Civ.App.—Dallas 1943, no writ).

The threshold issue in a collateral attack on an annexation ordinance is whether the municipality had the power to annex. That power has been defined by statute in terms of what land area is subject to annexation. The rationale for the development of this "collateral attack only if void" rule is stated by the Beaumont Court of Appeals in *Superior Oil Co. v. City of Port Arthur:*

[T]he determination of the boundaries of a municipality, . . . is ordinarily a political function, entirely within the power of the legislature of this State to regulate, and the remedy of those aggrieved is not in seeking relief in the courts, but in the State Legislature. 628 S.W.2d 94, 97 (Tex.App.—Beaumont 1981 writ ref'd n.r.e.), *appeal dismissed,* 459 U.S. 802, 103 S.Ct. 25, 74 L.Ed.2d 40 (1982). The question of power to annex is committed to the political branches of state government and is a question for political, rather than judicial resolution. *Hammonds v. City of Corpus Christi,* 226 F.Supp. 456, 459 (S.D.Tex.1964); *Larkins v. City of Denison,* 683 S.W.2d 754 (Tex.App.—Dallas 1984, no writ); *City of Wichita Falls v. State ex rel. Vogtsberger,* 533 S.W.2d 927, 929 (Tex.1976), *cert. denied,* 429 U.S. 908, 97 S.Ct. 298, 50 L.Ed.2d 276 (1976).

Alexander's complaints regarding the failure of the City to furnish a "service plan" for the annexed area involve timely preparation of the plan, its presentation, explanation, or amendment at the public hearings, and attachment to the ordinance at "readings" fall within the irregularities in the annexation process, which are not pursuable in a collateral attack unless the ordinance is void on its face. These complaints, although different from the alleged procedural insufficiencies, are irrelevant because they cannot form the basis for declaring an annexation void. *See Larkins v. City of Denison,* 683 S.W.2d 754, 756–57 (Tex.App.—Dallas 1984, no writ). Furthermore, the exclusive remedy against a city for failure to provide services to an annexed area is a disannexation proceeding under article 970a, section 10(F) (now codified as TEX. LOCAL GOV'T CODE ANN. § 43.141 (Vernon 1988)). *See also Superior Oil Co. v. City of Port Arthur,* 628 S.W.2d 94 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.), *appeal dismissed,* 459 U.S. 802, 103 S.Ct. 25, 74 L.Ed.2d 40 (1982); *Spencer v. City of Brownsville,* 458 S.W.2d 504, 505–06 (Tex.Civ.App.—San Antonio 1970, no writ).

In the instant case, there is no dispute that the area annexed was within the City's extraterritorial jurisdiction, adjacent thereto, and not within another municipality's boundaries. The record shows as a matter of law that the City had the power to annex. Therefore, Alexander's claim was lacking in an essential element—that the ordinance was void—and as a matter of law the City was entitled to summary judgment in its favor. *See Price v. Hurt,* 711 S.W.2d 84, 86 (Tex.App.—Dallas 1986, no writ) (defendant entitled to summary judgment if the proof establishes that one element of plaintiff's cause of action does not exist); *May v. City of McKinney,* 479 S.W.2d 114, 120 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.). That there may have been irregularities in notice, hearings, or the service plan, is irrelevant in a collateral attack on the ordinance because those matters are pursuable only in a direct attack. *See Forbes v. City of Houston,* 304 S.W.2d 542, 546 (Tex.Civ.App.—Galveston 1957, writ ref'd n.r.e.), *cert. denied,* 357 U.S. 905, 78 S.Ct. 1151, 2 L.Ed.2d 1156 (1958) (irregularities in notice and council's procedures regarding ordinance are matters that may be asserted only in a direct attack by the state in a quo warranto proceeding).

The City had the power to annex the 192.43 acres of land, and its action in so doing was not rendered void because of procedural irregularities, deficiencies in the notices of public hearings, or the failure to follow statutory directions with respect to the service plan for municipal services to be furnished the annexed area. The City was entitled to summary judgment as a matter of law. Alexander's points of error one through twelve and fifteen are overruled.

Alexander, in its point of error sixteen, asserts that the summary judgment in the City's favor should be reversed because its due process rights were violated. Relying on the "political question" rationale behind the judicial branch not interfering with annexation and *Hunter v. City of Pittsburgh*, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907), it has been held that annexations do not present a justiciable matter under due process constitutional amendments. *Superior Oil Co. v. City of Port Arthur*, 628 S.W.2d 94, 96 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.), *appeal dismissed*, 459 U.S. 802, 103 S.Ct. 25, 74 L.Ed.2d 40 (1982). Violation of due process rights is not present in this case. Point of error sixteen is overruled.

Alexander, in points of error twenty-one, twenty-two and twenty-three, contends that the trial court erred in denying summary judgment to it because as a matter of law the City did not "have authority under the Municipal Annexation Act to enact Ordinance No. 814 annexing the subjects property." It further claims that it was entitled to summary judgment as a matter of law because: 1) "the City did not hold the second (November 26, 1986) of two public hearings required pursuant to the Annexation Act;" and 2) "the City failed to provide a Service Plan requiring equivalent services to other areas within city limits having similar taxography, land use, and population density." We do not agree. The matters raised in these points have already been discussed and have been decided against Alexander. Therefore, these points of error are overruled.

In view of our holding that the ordinance is not void, and, consequently, the City was entitled to summary judgment upholding the ordinance as a matter of law, it is not necessary that we reach Alexander's remaining points of error.

The judgment of the trial court is affirmed.