

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-19-00037-CV
_____

EDWARD I. HILL, ROBERT E. HECKENDORN, CRAIG M. LUITJEN,
ROGER FUENTES, WESLEY A. PIEPER, ESTHER W. HICKS,
WILLIAM A. MCDOWELL, YOLANDA D. AYALA, PG PFEIFFER RANCHES,
LLC, AND MAUREEN PFEIFFER STEVENSON FAMILY TRUST, APPELLANTS

V.

THE CITY OF FAIR OAKS RANCH, TEXAS, APPELLEE

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2018CI00202; Honorable Peter Sakai, Presiding by Assignment

September 16, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellants, Edward I. Hill, Robert E. Heckendorn, Craig M. Luitjen, Roger Fuentes, Wesley A. Pieper, Esther W. Hicks, William A. McDowell, Yolanda D. Ayala, PG Pfeiffer Ranches, LLC, and the Maureen Pfeiffer Stevenson Family Trust (hereafter the "landowners"), filed a declaratory judgment action seeking a declaration that five separate city ordinances annexing certain properties, which encompassed property they owned

and on which they resided, was void *ab initio* as being beyond the statutory annexation authority of Appellee, the City of Fair Oaks Ranch. The City answered the suit with a general denial and the affirmative defense of governmental immunity due to its status as a political subdivision of the State.[1] After limited discovery, the City filed its *Second Amended Plea to the Jurisdiction* alleging the landowners lacked standing to challenge the annexations. The City also alleged that the landowners failed to include their residential addresses in their pleadings, a necessary prerequisite to establish standing, according to the City. Alternatively, the City contested the landowners' claim that it was without authority to involuntarily annex the properties in question.

After a hearing on the City's plea to the jurisdiction, at which only arguments were presented, the trial court took the matter under advisement. A few months later, the trial court signed an order granting the City's *Second Amended Plea to the Jurisdiction*. The landowners filed a request for findings of fact and conclusions of law. Despite no evidence having been presented, the trial court entered findings of fact supporting the City's claim that it properly annexed the properties in question. It also entered a conclusion of law that the landowners "lack[ed] standing to contest the City's annexation of Area 10 in Ordinance 2017-14 . . . with regard to the width of the annexed area." The trial court further concluded that "[o]nly a *quo warranto* proceeding would be a valid challenge to the City's annexation . . . ."[2]

---

[1] *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

[2] A *quo warranto* proceeding is a proceeding brought in the name of the State by the Attorney General or a district or county attorney. TEX. CIV. PRAC. & REM. CODE ANN. § 66.002 (WEST 2008); *Walton v. City of Midland*, 287 S.W.3d 97, 101 (Tex. App.—Eastland 2009, pet. denied). Such a proceeding avoids the possibility of numerous successive suits by private parties challenging the validity of an annexation order. *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 437 (Tex. 1991). Such a proceeding also avoids the possibility of conflicting judgments since the judgment in a proceeding brought by private parties is binding only on the parties to that proceeding. *Id.*

The landowners now appeal the trial court's order and by a single issue, request that this court determine whether certain statutes in chapter 43 of the Texas Local Government Code apply, which they contend would render annexation of the properties void *ab initio* or otherwise invalid or unenforceable. We reverse the judgment of the trial court and remand this matter for further proceedings.[3]

BACKGROUND

The landowners own and reside in certain areas of the City of Fair Oaks Ranch, in Bexar County, Texas. In 2015 and 2016, the City was a "general-law municipality"[4] and it did not annex any properties during those years, whether by consent or involuntarily annexation. On May 6, 2017, the City changed its status to a "home-rule municipality."[5] Later that year, on November 29, 2017, the City adopted eleven annexation ordinances, to wit: 2017-14, 2017-15, 2017-16, 2017-17, 2017-18, 2017-19, 2017-20, 2017-21, 2017-22, 2017-23, and 2017-24. The landowners reside in five of the annexed areas and thus, by their live pleading challenged only five of those ordinances: (1) 2017-14 (Area 10), (2) 2017-15 (Area 3), (3) 2017-19 (Area 9), (4) 2017-20 (Area 11), and (5) 2017-24 (Area 5) in the underlying suit.

---

[3] Originally appealed to the Fourth Court of Appeals, sitting in San Antonio, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Fourth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[4] General-law municipalities "are political subdivisions created by the State and, as such, possess [only] those powers and privileges that the State expressly confers upon them." *Town of Lakewood Village v. Bizios*, 493 S.W.3d 527, 531 (Tex. 2016) (citation omitted).

[5] Home-rule municipalities "derive their powers from the Texas Constitution" and "possess 'the full power of self-government and look to the Legislature not for grants of power, but only for limitations on their power.'" *Town of Lakewood Village*, 493 S.W.3d at 531 (citation omitted).

The City's geographic area prior to annexation of the landowners' properties consisted of 6,565.41 acres. The five annexations at issue added 1,328 acres to the geographic area of the City—an increase of approximately twenty percent. By ordinance 2017-14, one of the annexation ordinances being challenged, the City annexed Area 10, a triangular-shaped strip of property consisting of 103.93 acres, which was approximately 180 feet wide at its southern tip.

By their declaratory judgment action, the landowners alleged the City (1) illegally annexed Area 10 by violating statutory width requirements for annexing strips of land and (2) illegally annexed the other four areas by exceeding the maximum percentage allowed to be annexed each year, which is ten percent plus any amount carried over from previous years.[6]

---

[6] The relevant statutes provide as follows:

**§ 43.054 Width Requirements**

(a) A municipality may not annex a publicly or privately owned area, including a strip of area following the course of a road, highway, river, stream, or creek, unless the width of the area at its narrowest point is at least 1,000 feet.

(b) The prohibition established by Subsection (a) does not apply if:

    (1) the boundaries of the municipality are contiguous to the area on at least two sides;

    (2) the annexation is initiated on the written petition of the owners or of a majority of the qualified voters of the area; or

    (3) the area abuts or is contiguous to another jurisdictional boundary.

**§ 43.055 Maximum Amount of Annexation Each Year**

(a) In a calendar year, a municipality may not annex a total area greater than 10 percent of the incorporated area of the municipality as of January 1 of that year, plus any amount of area carried over to that year under Subsection (b). In determining the total area annexed in a calendar year, an area annexed for limited purposes is included, but an annexed area is not included if it is:

    (1) annexed at the request of a majority of the qualified voters of the area and the owners of at least 50 percent of the land in the area;

4

By its live plea to the jurisdiction, the City raised three issues: (1) whether the landowners have standing to file suit; (2) its authority to annex the properties under section 43.055 (maximum amount of annexation each year); and (3) its authority to annex Area 10 under section 43.054 (width requirements for strip annexation). The City's plea is supported by the affidavits of the city manager and the city secretary as well as copies of the city council meeting minutes of November 29, 2017, and copies of the ordinances passed at that meeting.

By his affidavit, the city manager averred that the landowners reside within or own the properties being annexed and confirmed that the annexed properties increased the City's incorporated area by twenty percent for the three-year period from 2015 to 2017. By her affidavit, the city secretary, custodian of the City's records, authenticated the city council meeting minutes, as well as the ordinances that were approved at that meeting. A map of Area 10 was also included with the City's plea.

The landowners did not file a response to the City's *Second Amended Plea to the Jurisdiction*; however, they did file a response to the City's *First Amended Plea to the*

---

(2) owned by the municipality, a county, the state, or the federal government and used for a public purpose;

(3) annexed at the request of at least a majority of the qualified voters of the area; or

(4) annexed at the request of the owners of the area.

(b) If a municipality fails to annex in a calendar year the entire 10 percent amount permitted under Subsection (a), the municipality may carry over the unused allocation for use in subsequent calendar years.

(c) A municipality carrying over an allocation may not annex in a calendar year a total area greater than 30 percent of the incorporated area of the municipality as of January 1 of that year.

TEX. LOC. GOV'T CODE ANN. § 43.054 (West Supp. 2019), § 43.055 (West 2008).

*Jurisdiction.* By that response, they held firm to the allegations in their live pleading that the City's annexations exceeded the statutory maximum percentage of land that could be annexed in 2017, and violated the statutory minimum width requirement in annexing Area 10 because none of the statutory exceptions applied.

### STANDARD OF REVIEW—PLEA TO THE JURISDICTION

In general, the State of Texas, as well as its political subdivisions, enjoy sovereign immunity from suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). As such, they can only be sued if the Legislature waives immunity in "clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (West 2013). The party bringing suit against a governmental entity bears the burden of alleging facts affirmatively demonstrating the trial court has jurisdiction to hear the dispute. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). In reviewing a party's petition to determine if jurisdiction exists, we construe the pleadings liberally in favor of the pleading party, *Univ. of Tex. at Austin v. Hayes*, 327 S.W.3d 113, 116 (Tex. 2010), and in doing so, we must look to the pleader's intent. *Miranda*, 133 S.W.3d at 226.

In this context, a plea to the jurisdiction is a dilatory plea filed by the governmental entity that challenges the trial court's authority to decide the subject matter of a specific cause of action. *Id*. A governmental entity contending it has immunity is claiming the trial court lacks subject matter jurisdiction over the claim because it is protected from suit which has not been legislatively waived. *Tex. D.O.T. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court cannot grant the plea, and the issue must be resolved by the trier of fact.

6

*Miranda*, 133 S.W.3d at 227-28. On the other hand, if the evidence is undisputed or fails to raise a question of fact, the trial court must rule on the plea as a matter or law. *Id.* at 228. Furthermore, if the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing a plaintiff the opportunity to amend. *Id.* at 227. However, if the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects, then the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226-27; *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). In some cases, a plea to the jurisdiction may require the court to consider evidence pertaining to jurisdictional facts. *Miranda*, 133 S.W.3d at 227.

We review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard of review. *Tex. D.O.T. & Edinburg v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2012); *Miranda*, 133 S.W.3d at 226. In our review, we do not delve into the merits of a case or decide whether the plaintiff should win or lose on the basis of those claims. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of Argyle v. Pierce*, 258 S.W.3d 674, 682 (Tex. App.—Fort Worth 2008, pet. dism'd). Instead, we merely decide whether the trial court has the judicial authority to reach the merits of those claims. *City of Argyle*, 258 S.W.3d at 682 (citing *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554).

### APPLICABLE LAW

The Texas Constitution confers on a municipality the power to annex territory within its jurisdiction. TEX. CONST. art. XI, § 5. The Legislature provided the statutory

7

scheme for municipal annexation in chapter 43 of the Texas Local Government Code. TEX. LOC. GOV'T CODE ANN. §§ 43.001-.908 (West 2008 & Supp. 2019).

ANALYSIS

In 2017, prior to suit being filed by the landowners, the Legislature waived a political subdivision's immunity from suit for actions brought under chapter 43 of the Texas Local Government Code. TEX. LOC. GOV'T CODE ANN. § 43.908(b) (West Supp. 2019). In doing so, the Legislature prescribed mandamus or declaratory or injunctive relief as the appropriate methods for enforcing the provisions of chapter 43. *Id.* at § 43.908(a).

In the underlying case, the Legislature's waiver of immunity invested the trial court with subject matter jurisdiction to hear this type of proceeding. Therefore, the substantive inquiry becomes whether the landowners had *standing* to file suit. *Sneed v. Webre*, 465 S.W.3d 169, 179-180 (Tex. 2015); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993); *City of Port Isabel v. Pinnell*, 161 S.W.3d 233, 238 (Tex. App.— Corpus Christi 2005, no pet.).

Standing requires a real controversy between the parties. *Tex. Air Control Bd.*, 852 S.W.2d at 446. A party has standing if (1) it has sustained, or is immediately in danger of sustaining, some direct injury as a result of the defendant's wrongful act; (2) it has a direct relationship between the alleged injury and the claim being adjudicated; (3) it has a personal stake in the controversy; (4) the challenged action has caused some injury in fact, either economic, recreational, environmental, or otherwise; or (5) it is an appropriate party to assert the public's interest in the matter, as well as the party's own interest. *City of Bells v. Greater Texoma Utility Authority*, 790 S.W.2d 6, 11 (Tex. App.— Dallas 1990, writ denied). We also review the issue of standing *de novo* and apply the

8

same standard applicable to subject matter jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 149-50 (Tex. 2012).

Historically, review of a private party's standing to challenge annexation inquires whether the challenge attacks the city's authority to annex the area in question or simply complains of some procedural irregularities. *See City of San Antonio v. Summerglen Prop. Owners Ass'n, Inc.*, 185 S.W.3d 74, 83 (Tex. App.—San Antonio 2005, pet. denied). Annexation of property that exceeds a municipality's statutory size limitations has been held to be a challenge to the city's authority to annex the area in question, thereby rendering the annexation void. *Deacon v. City of Euless*, 405 S.W.2d 59, 64 (Tex. 1966).

By way of contrast, compare *Alexander Oil Co. v. City of Seguin*, 823 S.W.2d 309, 310 (Tex. App.—San Antonio 1989), *aff'd*, 825 S.W.2d 434 (Tex. 1991), where Alexander Oil Company, a private party, filed suit to declare an annexation void. The plaintiff's pleading included allegations concerning the city's failure to comply with notice, hearing, and service plan requirements. *Id.* Summary judgment was granted in favor of the city. *Id.* at 310. The Fourth Court of Appeals affirmed the summary judgment and noted that a *quo warranto* proceeding was the proper method for challenging the annexation since the procedural deficiencies merely rendered the annexation voidable, not void *ab initio*. *Id.* at 311-12. The Supreme Court agreed with the appellate court and affirmed the rule that unless annexation is void *ab initio* or the Legislature has expressly granted a private right to challenge the annexation in some particular manner, a *quo warranto* proceeding brought in the name of the State is the only proper means of attacking a municipality's annexation. *Alexander Oil Co.*, 825 S.W.2d at 436. Therefore, in a situation where the annexation is void, a private party may collaterally attack the annexation. *See Laidlaw*

9

*Waste Sys. v. City of Wilmer*, 904 S.W.2d 656, 658 (Tex. 1995). An annexation is void if a municipality lacks the statutory authority to annex a given area. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex. 2008). If, however, a municipality only fails to adhere to the proper procedural requirements for annexation, the annexation is merely voidable and must be challenged by a *quo warranto* proceeding. *Id.; City of Port Isabel*, 161 S.W.3d at 239.

Individual landowners have been allowed to bring private causes of action challenging (1) annexation of territory exceeding the statutory municipal size limits; (2) attempts to annex areas included in the extraterritorial jurisdiction of another city; (3) attempts to annex areas not contiguous with current city limits; and (4) annexation of an area with a boundary description that does not close. *City of Wichita Falls v. Pearce*, 33 S.W.3d 415, 417 (Tex. App.—Fort Worth 2000, no pet.) (citing *Alexander Oil Co.*, 825 S.W.2d at 438 (citations omitted)).

Here, by their live pleading, the landowners challenged the City's involuntary annexation of the five contested areas as being void *ab initio*. They alleged the City violated section 43.054 of the Texas Local Government Code by annexing a triangular portion of land that did not meet the statutory width requirement of 1,000 feet and by annexing a percentage of land in excess of what is authorized by statute.

In its reply brief, the City correctly points out that the landowners' sole focus in their brief is whether the City exceeded its statutory authority under section 43.055 by annexing more than ten percent of its geographic area in 2017. In their brief, the landowners do not present argument related to whether the City violated the width requirements of

section 43.054 by approving Ordinance 2017-14 (Area 10). As such, any issue regarding section 43.054 is not properly before us.[7] TEX. R. APP. P. 38.1(i).

The landowners' argument regarding section 43.055 is, however, properly before us. The allegations made by them in their live pleading, which we must construe liberally while also looking to their intent, accuse the City of exceeding the maximum percentage of land it could annex in 2017. Unlike the allegations in *Alexander Oil Co.*, in the underlying case, the landowners presented substantive challenges to the City's annexations and did not allege procedural irregularities to the contested annexations. Those allegations, if proven, would establish that the City's annexation ordinances are void, not merely voidable. Furthermore, the landowners present a real controversy between themselves and the City which will be actually determined by the declaration sought and the annexations present economic injury to the landowners in the form of ad valorem taxes. Accordingly, based on the landowners' pleadings, we conclude they have standing to challenge the annexations.

The City attempts to invalidate the landowners' standing argument by referencing the trial court's unchallenged *Findings of Fact and Conclusions of Law* that the landowners had no standing to challenge Ordinance 2017-14, which annexed Area 10. Because a plea to the jurisdiction is analyzed under the rubric of a summary judgment, *Miranda*, 133 S.W.3d at 228, findings of fact and conclusions of law are not proper because there has been no conventional trial on the merits. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994). In the context of a plea to the jurisdiction, findings of fact are

---

[7] On remand, the failure to present argument here on section 43.054 does not preclude the landowners from presenting the issue in the trial court where it is included in their pleadings.

superfluous. *See Schmitz v. Denton County Cowboy Church*, 550 S.W.3d 342, 352 (Tex. App.—Fort Worth 2018, pet. denied) (citing Rebecca Simmons & Suzette Kinder Patton, *Plea to the Jurisdiction: Defining the Undefined*, 40 St. Mary's L.J. 627, 666-67 (2009)). When judgment is rendered as a matter of law, such as in a plea to the jurisdiction, findings and conclusions serve no purpose and "should not be requested, made, or considered on appeal." *IKB Indus.*, 938 S.W.2d at 443. Thus, we give no consideration to the trial court's *Findings of Fact and Conclusions of Law.*

The briefs of the parties would have this court drift into the merits by engaging in statutory construction of the relevant statutes and determining whether the City violated those statutes. Such an analysis would be premature and beyond the scope of a *de novo* review on the propriety of the trial court's order granting the City's plea to the jurisdiction. In this appeal from an order granting a plea to the jurisdiction, the only issue before us is whether the landowners pleaded sufficient facts that demonstrated the trial court's jurisdiction over the case. As previously noted, the landowners pleaded that the City exceeded its authority in annexing a percentage of land greater than permitted by section 43.055. If proven, that allegation would endow the landowners with standing to challenge the annexations. Reviewing the trial court's order *de novo*, we conclude the landowners pleaded sufficient facts to defeat the City's plea to the jurisdiction and provide the trial court with authority to reach the merits of the landowners' claims.[8] As such, the trial court erred in granting the City's plea to the jurisdiction. The landowners' sole issue is sustained.

---

[8] We note that if the landowners were required to provide their proper addresses in their live pleading as suggested by the City, it is merely a pleading defect, and they should be afforded the opportunity to cure that defect. *Miranda*, 133 S.W.3d at 226-27.

**CONCLUSION**

The trial court's *Order Granting Defendant's Second Amended Plea to the Jurisdiction* is reversed and the cause is remanded for further proceedings.

Per Curiam