**HILLS AND DALES, Relators,**

**v.**

**Blair REEVES, County Judge and City of San Antonio, Respondents.**

**No. 14955.**

Court of Civil Appeals of Texas, San Antonio.

Oct. 21, 1970.

Rehearing Denied Nov. 18, 1970.

Gray, Gardner, Robison & Cobb, San Antonio, for relators.

Ted Butler, Dist. Atty., R. Emmett Cater, Asst. Dist. Atty., Howard C. Walker, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for respondents.

BARROW, Chief Justice.

Relators, who are residents of Hills and Dales, an unincorporated town of approximately three hundred residents, filed this original proceeding against Honorable Blair Reeves, County Judge of Bexar County, and the City of San Antonio seeking a writ of mandamus directing respondent Reeves to reinstate his order of August 21, 1970, calling an election for incorporation of the town of Hills and Dales, or in the alternative, to order a new election.

Art. 1735a, Vernon's Annotated Civil Statutes, grants this Court original jurisdiction and authority to issue the writ of mandamus against any public officer to compel the performance, in accordance with the laws of this state, of any duty imposed upon him by law, in connection with the holding of any general, special, or primary election. See Grant v. Ammerman, 437 S.W.2d 547 (Tex.1969).

On August 10, 1970, relators filed an application with respondent Reeves seeking an order setting an election to determine the question of whether the inhabitants of the town of Hills and Dales desired to incorporate under the provisions of Art. 1133 et seq. V.A.C.S. On August 21, 1970, an order was signed by respondent Reeves wherein it was found that such proposed town met all the statutory requirements and an election was duly set for September 12, 1970. Included in said order was a finding that the proposed land area of Hills and Dales is more than five miles from any inhabited or properly annexed portion of San Antonio. On August 31, 1970, the City of San Antonio filed a petition with respondent Reeves wherein it was urged that the land area proposed to be incorporated was within the extraterritorial jurisdiction of the City, and that no written consent for such incorporation had been granted by the City as required by the Municipal Annexation Act, Art. 970a, V.A.C.S. The City prayed that a hearing be held to consider whether the foregoing election order should be vacated and set aside. On September 8, 1970, a hearing was held and at the conclusion of same, respondent Reeves entered an ordering abating the election order of August 21, 1970.

The order abating the election contains a finding that the sole reason for such action was that the area proposed to be annexed is within five miles of that portion of the City of San Antonio annexed by Ordinance No. 32614. By this ordinance, the City had annexed the right-of-way of Interstate Highway 10 for a dis-

tance of some five miles from the existing city limits. Relators urge that such ordinance # 32614 is void because such annexed land was not adjacent to the City of San Antonio. In their petition for mandamus, relators call our attention to the fact that the validity of a similar annexation ordinance is challenged in our Cause No. 14908, Fox Development Co. v. City of San Antonio et al., 459 S.W.2d 670.

In Perkins v. Ingalsbe, 162 Tex. 456, 347 S.W.2d 926 (1961), the question was presented as to the power of the County Judge to revoke an election order calling an incorporation election. It was held that after the election process was lawfully put in motion, the County Judge could not prevent its being carried to its conclusion. The Court said: "When the county judge is presented with a statutory petition, and proof satisfactory to him has been made that the territory sought to be incorporated contains the requisite number of resident qualified electors, then the county judge has no discretion as to whether or not he will call the election, but he must do so. * * * Obviously, if the county judge determines the territory sought to be incorporated is at that time a part of another incorporated city or town, the county judge would have no jurisdiction to order the election. Beyer v. Templeton, Tex.Civ.App., 1947, 208 S.W.2d 692; affirmed, 1948, 147 Tex. 94, 212 S.W.2d 134. Once the county judge is vested with jurisdiction by a petition complying with the statutory requirements and he has put in motion the election process, he cannot interfere with it or prevent the will of the electors being expressed by an attempted revocation of his election order."

Here the respondent Reeves found by his order of August 21, 1970, that the petition complied with all the statutory requirements and called the election for September 12, 1970. His subsequent order of September 8, 1970, revoking such election, was therefore improperly entered. Obviously, it is too late for us to now direct respondent Reeves to reinstate such order and hold the election September 12, 1970; and therefore, we must determine if relators' alternative prayer should be granted by directing respondent Reeves to set a new election date.

Relators concede that the proposed town of Hills and Dales is within five miles of the City of San Antonio, unless Ordinance No. 32614 is void for the same reasons asserted by Fox Development Co. in Cause No. 14908. We have this date affirmed the judgment of the trial court in our Cause No. 14908, Fox Development Co. v. City of San Antonio et al., 459 S.W. 2d 670. In doing so, we held that annexation Ordinance No. 32619 was not void. It necessarily follows that the proposed town of Hills and Dales is within the extraterritorial jurisdiction of the City of San Antonio under the provisions of Art. 970a, Sec. 3., subd. A. (5), V.A.C.S. Accordingly, the County Judge would have no jurisdiction to now order the election. Perkins v. Ingalsbe, supra; Beyer v. Templeton, supra.

The writ of mandamus is denied.