**FOX DEVELOPMENT COMPANY, Inc.,**
**Appellant,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

**No. 14908.**

Court of Civil Appeals of Texas,
San Antonio.

Oct. 21, 1970.

Rehearing Denied Nov. 18, 1970.

Gray, Gardner, Robison & Cobb, San Antonio, for appellant.

Howard C. Walker, Crawford B. Reeder, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant, a Texas Corporation, appeals from a take-nothing judgment in its suit for writ of mandamus or mandatory injunction to order appellee, City Public Service Board, a municipal board operating the electric and gas system of appellee, City of San Antonio, to furnish gas and electric service to land outside the City of San Antonio upon which appellant proposes to develop a subdivision. CPSB refuses to furnish such service until the plat is approved by the City Planning Commission as required by Article 974a, § 8, Vernon's Annotated Civil Statutes.

The land is within five miles of the boundary limits of the City as established by Ordinance #32619, which was passed on July 30, 1964, whereby the City annexed .11 square miles of land with dimensions of 116.16 feet in width by five miles in length and being the right-of-way of U. S. Highway #281 from the boundary of the City out some five miles. Appellant urges by this collateral attack that said ordinance is void primarily because such annexed strip of land was not adjacent to the City. Article 1175, Subd. 2, V.A.C.S., expressly

confers power on a Home Rule city, such as San Antonio, "to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city."

The land annexed by Ordinance #32619 adjoins the prior southern boundary of City. It extends for a distance of five miles as authorized by Article 970a, § 7, V.A.C.S. It does not lie in or anywhere near any other municipality. In State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S.W.2d 780 (1957), the Supreme Court, in rejecting a contention that the annexed land there in question was uninhabitated and unfit for habitation or other municipal purpose, held that the only limitation fixed by the Legislature on the power of a city to annex additional territory is that the territory shall be adjacent to the city and not included within the boundaries of another municipality. See also City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928 (1943).

It is a settled rule that adjacency is a law question. City of Irving v. Dallas County Flood Control District, 383 S.W.2d 571 (Tex.1964). In State ex rel. Pan American Production Co. v. Texas City, supra, it was held that the Legislature used the word "adjacent" in the sense of being "contiguous" and "in the neighborhood of or in the vicinity of" a municipality. See also City of Pasadena v. State ex rel. City of Houston, 442 S.W.2d 325 (Tex.1969).

The validity of annexation ordinances whereby narrow strips or stems of land were annexed have been challenged and upheld in prior decisions. In City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695 (1944), a collateral attack was made upon an ordinance wherein it was urged that a tract containing several hundred acres was not adjacent to the City of Wichita Falls in that it was connected to the city by a stem extending along State Highway No. 70 some three to four miles. It was held that the fact the land

annexed was only joined to the city by a narrow neck could not render the ordinance void. The Court said: "Neither the statute, Article 1175, supra, nor the charter of the City, defines or provides any length, width, shape, or amount of area of land that the City may annex. It must follow, therefore, that any attack on this annexation ordinance, on account of the shape of the area included therein, if it can be made at all, a matter we do not decide, must be made in a direct proceeding to which the State is a party."

In City of Houston v. Houston Endowment, Inc., 428 S.W.2d 706 (Tex.Civ.App.—Houston (1st) 1968, writ ref'd n. r. e.), the Court upheld the validity of an ordinance annexing a tract connected to the city by a stem 10 feet wide by six and one-eighth miles long. The Court said: "The stem of land is adjacent and contiguous to Houston's general city limits as a matter of law, and it connects appellee's tract to the City. The ordinance is not void, so it can be attacked only in a suit in the nature of a quo warranto proceeding to which the State is a party." See also State ex rel. City of West Orange v. City of Orange, 300 S.W.2d 705 (Tex.Civ.App.—Beaumont 1957, writ ref'd n. r e.); State ex rel. Graves v. City of Sulphur Springs, 214 S.W.2d 663 (Tex.Civ.App.—Texarkana 1948, writ ref'd n. r. e.); Lefler v. City of Dallas, 177 S.W.2d 231 (Tex.Civ.App.—Dallas 1943, no writ).

Narrow strips were found not adjacent as a matter of law in City of Pasadena v. State ex rel. City of Houston, supra, and City of Irving v. Dallas County Flood Control District, supra. The size and shape of the strips were not the cause of the difficulty in these cases, but rather the obvious fact that in each case, the strip sought to be annexed was adjacent to another Home Rule city. Therefore, these holdings are not applicable in our case where no other municipality is involved.

We conclude that the strip of land described in City's annexation Ordinance #32619 is adjacent and contiguous to San Antonio's general city limits as a matter of law.

Appellant also urges that the 1964 annexation ordinance is void because the notice of the public hearing was not published in a newspaper having general circulation in the territory proposed to be annexed as required by Article 970a, § 6, supra. It is seen, however, that the ordinance in question contains a fact finding that the notice was published in a newspaper of general circulation in the area to be annexed and this finding may not be attacked by the collateral attack upon the validity of said ordinance. In any event it cannot be said that there is sufficient evidence in this record to overcome such fact finding.

Appellant has not shown that Ordinance #32619 is void. The trial court, therefore, did not err in holding that plaintiff's land is within the extraterritorial jurisdiction of the City of San Antonio under Article 970a, § 5, supra.

The judgment of the trial court is affirmed.