

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 6, 2005

The Honorable Joe Black
Harrison County Criminal District Attorney
Post Office Box 776
Marshall, Texas 75671-0776

Opinion No. GA-0380

Re: Whether a county commissioners court must determine whether a publication is a newspaper of general circulation (RQ-0356-GA)

Dear Mr. Black:

Because there are now two newspapers in your county that claim to be newspapers of general circulation, you pose three questions relating to the determination of whether a newspaper is one of general circulation.[1] Your first question is:

> In determining whether a newspaper is a newspaper sufficient to be considered a newspaper of "general circulation" for the purposes of publishing certain County notices, must the Harrison County Commissioners Court determine whether the newspaper meets the objective criteria contained in section 2051.044 of the Government Code as well as determine the subjective factually based questions of whether: 1) the newspaper has more than a de minimis number of subscribers in a specific geographic region; and 2) whether the subscribership of the newspaper is diverse[?]

Request Letter, *supra* note 1, at 1-2. Contingent upon our answer to your first question, you next inquire:

> If the Commissioners Court must make such a factually based determination, does the Commissioners Court have the power to hold an evidentiary hearing to determine the objective criteria of section 2051.044 and the questions of whether a particular newspaper has more than a de minimis number of subscribers and whether the subscribership is diverse[?]

*Id.* at 2. You finally ask, contingent upon our answer to your second question:

---

[1]Letter from Honorable Joe Black, Harrison County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (June 24, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> If the Commissioners Court has the power to hold an evidentiary hearing to make such a determination, what procedures, if any, must the Court follow for conducting the hearing[?]

*Id.*

Texas statutes do not define "newspaper of general circulation." In Attorney General Opinion JC-0223, this office said that a "newspaper of general circulation" is a newspaper as defined by section 2051.044, Government Code,[2] that has "more than a de minimis number of subscribers among a particular geographic region, [and] a diverse subscribership."[3] Tex. Att'y Gen. Op. No. JC-0223 (2000) at 2, 10. In that opinion, this office recognized that the factors constituting a newspaper under the Government Code could be determined on an objective basis, *see id.* at 6, but that the "general circulation" criteria involving subscribership were subjective and involved factual considerations to be resolved by the body that is to arrange for publication of the notice. *See id.* at 7.

By your first question we understand you to inquire, in essence, whether the determination about a newspaper of general circulation must be made at all. Your second question is contingent upon our answer to this fundamental question and your third question contingent upon our answer to the second.

There is no express statutory or judicial requirement that directs a governmental body to make a formal determination regarding a newspaper of general circulation. The statutes that mandate notice be published in a newspaper of general circulation do not place an affirmative obligation on a governing body to formally determine whether a given publication is in fact a newspaper of general circulation.[4] Moreover, the statutory definition of "newspaper" does not require or define a process

---

[2]A "newspaper" is a publication that:

> (1) devote[s] not less than 25 percent of its total column lineage to general interest items;
>
> (2) [is] published at least once each week;
>
> (3) [is] entered as second-class postal matter in the county where published; and
>
> (4) [has] been published regularly and continuously for at least 12 months before the governmental entity or representative publishes notice.

TEX. GOV'T CODE ANN. § 2051.044(a) (Vernon Supp. 2005).

[3]Attorney General Opinion JC-0223 also said that a newspaper of general circulation is one that publishes "some items of general interest to the community." Tex. Att'y Gen. Op. No. JC-0223 (2000) at 2. This criteria is duplicative of item (1) in the definition of "newspaper."

[4]*See, e.g.*, TEX. EDUC. CODE ANN. § 11.1541(a)-(b) (Vernon Supp. 2005) ("The board of trustees . . . gives notice of the [donation of surplus property] hearing by publishing . . . in a newspaper having general circulation . . . ."); (continued...)

by which to ascertain whether a publication is a newspaper, *see supra* note 2, and the legislature has failed to define "general circulation." Thus, we do not even find an express requirement for a formal determination on a given publication in the definitions. Without an express statutory or judicial directive requiring a formal determination that a given publication is a newspaper of general circulation, we are unable to conclude that a governmental body has a legal obligation to make such a determination.

We do not mean to say here that a governmental body failing to make such a determination necessarily does so without consequence. A political subdivision such as a county that takes an action for which notice must be published is subject to having that action challenged,[5] and possibly voided, because a required notice was not published in a newspaper of general circulation.[6] A commissioners court order that contained findings of fact concerning the objective criteria concerning a newspaper and the "general circulation" subjective criteria discussed in Attorney General Opinion JC-0223 (2000) and an ultimate determination that a publication was a newspaper of general circulation would be evidence for a court and support for the county in such a challenge. Moreover, orders of a commissioners court are subject to judicial review only if the commissioners court acts beyond its jurisdiction or clearly abuses its discretion.[7] *See Comm'rs Court of Titus*

---

[4](...continued)
TEX. ELEC. CODE ANN. § 4.003(a)(1)(B) (Vernon 2003) ("notice of an election may be given by any one or more of the following methods: . . . in a newspaper of general circulation"); TEX. GOV'T CODE ANN. §§ 25.0172(J) (Vernon 2004) ("Before raising a salary the commissioners court must publish notice . . . in a newspaper of general circulation . . . ."), 1251.003(d)(2) (Vernon 2000) ("notice of the [bond] election shall be given by . . . publishing notice of the election in a newspaper of general circulation"), 2007.042 (Vernon 2000) ("A political subdivision . . . shall provide . . . notice . . . in a notice published in a newspaper of general circulation . . . ."); TEX. LOC. GOV'T CODE ANN. §§ 43.0561(c) (Vernon Supp. 2005) ("The municipality must post notice of the [annexation] hearings . . . in a newspaper of general circulation . . . ."), 272.001(a) (Vernon Supp. 2005) ("before land . . . may be sold or exchanged . . . notice . . . must be published in a newspaper of general circulation"); TEX. TRANSP. CODE ANN. § 314.022(d) (Vernon 1999) ("Notice of the [condemnation] hearing shall be given by publication . . . in a newspaper of general circulation . . . .").

[5]*See generally Walker v. City of Georgetown*, 86 S.W.3d 249 (Tex. App.–Austin 2002, pet. denied) (challenging City's action in leasing City park in part based on lack of notice under sale or exchange of land provision); *City of Bells v. Greater Texoma Util. Auth.*, 790 S.W.2d 6 (Tex. App.–Dallas 1990, writ denied) (challenging city annexation based in part on lack of notice of annexation).

[6]*See generally City of Wichita Falls v. Vogtsberger*, 526 S.W.2d 618 (Tex. Civ. App.–Fort Worth 1975, *rev'd*, 533 S.W.2d 927 (Tex. 1976)) (challenging annexation ordinance in part on grounds that newspaper in which annexation ordinance was published was not newspaper of general circulation in proposed annexation territory); *Fox Dev. Co. v City of San Antonio*, 459 S.W.2d 670, 672 (Tex. Civ. App.–San Antonio 1970), *aff'd*, 468 S.W.2d 338 (Tex. 1971) (same); *Christy v. Williams*, 292 S.W.2d 348, 350-51 (Tex. Civ. App.–Galveston 1956, writ dism'd) (challenging election notice because notice not published in newspaper of general circulation); *City of Corpus Christi v. Jones*, 144 S.W.2d 388 (Tex. Civ. App.–San Antonio 1940, writ dism'd judgm't cor.) (challenging zoning ordinance in part because ordinance not published in newspaper of general circulation).

[7]The jurisprudence of article V, section 8 of the Texas Constitution often equates abuse of discretion review with arbitrary and capricious review. *See Labrado v. County of El Paso*, 132 S.W.3d 581, 596 (Tex. App.–El Paso 2004, no pet.) ("As a general rule, a district court's supervisory control . . . is limited to determining whether the commissioners court has abused its discretion or acted illegally or arbitrarily."); *see also Cameron County Good Gov't League v.*

(continued...)

*County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) ("A party can invoke the district court's constitutional supervisory control over a Commissioners Court judgment only when the Commissioners Court acts beyond its jurisdiction or clearly abuses the discretion conferred upon the Commissioners Court by law."); *see also Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 417, 420 (Tex. App.–San Antonio 1986, writ ref'd n.r.e.). Thus, while it is not legally required for a governmental body to make a determination regarding local publications, a county could nonetheless benefit by undertaking some method or process to examine the various facts of a particular publication against the objective and subjective criteria.

The commissioners court is the governing body of the county, *see* TEX. CONST. art. V, § 18 ("County Commissioners Court, which shall exercise such powers and jurisdiction over all county business"), with discretion over the conduct of county business. *See Guynes v. Galveston County*, 861 S.W.2d 861, 863 (Tex. 1993) (citing *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948)); *see also* Tex. Att'y Gen. Op. No. GA-0353 (2005) at 4. "Discretion implies the absence of a hard and fast rule." Tex. Att'y Gen. Op. No. GA-0353 (2005) at 4 (quoting *The Steamship Styria v. Morgan*, 186 U.S. 1, 9 (1902)). In Opinion GA-0353, this office noted that discretion has been defined as "the act or the liberty of deciding according to the principles of justice and one's ideas of what is right and proper under the circumstances." *Id.* In the absence of a legal requirement to make the determination, much less a mandate as to how to do so, we conclude that should the Harrison County Commissioners Court decide to determine whether one or both of the newspapers in Harrison County is a newspaper of general circulation it has discretion to decide the particular method by which to make the determination that best suits the needs of Harrison County. For instance, the Harrison County Commissioners Court could choose to conduct a proceeding in the nature of a formal evidentiary hearing, but we believe it could also conduct a fact-finding inquiry in an informal public hearing, in a regular meeting of the commissioners court, or in a study conducted by county staff, with the resulting findings incorporated into an adopted order of the commissioners court.

Because we do not conclude that the Harrison County Commissioners Court must make the determinations regarding a newspaper of general circulation, we do not need to address your additional contingent questions.

---

[7](...continued)
*Ramon*, 619 S.W.2d 224, 230 (Tex. Civ. App.–Beaumont 1981, writ ref'd n.r.e.) ("[I]n determinations of fact and in discretionary determinations, judicial review of acts of the Commissioners' Court is limited to finding the existence of substantial evidence or to ascertain whether the action taken was arbitrary or capricious."); *Agan*, 940 S.W.2d at 80.

## S U M M A R Y

There is no express statutory or judicial mandate placing a legal obligation on the Harrison County Commissioners Court to determine whether a publication is a newspaper of general circulation. Because county actions are subject to challenge based on defects in notice, the Harrison County Commissioners Court could benefit by engaging in some method or process by which to make the determination with regard to one or both of the newspapers in Harrison County.

The Harrison County Commissioners Court has broad discretion in the conduct of county business and may decide from among many options what method or process by which to make the determination that best serves the needs of Harrison County.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee